IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| HAROLD J. McGURL, JR., | ) | 2:23-cv-01584 |
| | ) | |
| Plaintiff | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT TINA WALKER, | ) | **MEMORANDUM OPINION ON** |
| CORRECTIONS OFFICER D. COSTELLO, | ) | **DEFENDANTS' MOTION TO DISMISS** |
| CORRECTIONS OFFICER R. OHLER, | ) | **AMENDED COMPLAINT** |
| DOC SECRETARY GEORGE LITTLE, and | ) | |
| LT. CERCONE, | ) | |
| | ) | ECF No. 30 |
| Defendants | ) | |

## I.    Introduction

Defendants Superintendent Tina Walker, Corrections Officer D. Costello, Corrections

Officer R. Ohler, DOC Secretary George Little, and Lt. Cercone have moved to dismiss Plaintiff

Harold J. McGurl, Jr.,'s Amended Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). ECF No. 30. McGurl's claims arise from injuries he sustained when he was assaulted

by another inmate while he was housed at the State Correctional Institution at Fayette.[1] McGurl

began this litigation with the filing of a motion to proceed in forma pauperis, which this Court

granted. ECF No. 1, ECF No. 5. His original Complaint was filed soon thereafter. ECF No. 6.

Defendants were served and, in lieu of filing an Answer, filed a motion to dismiss. ECF No. 23.

In response, McGurl filed an Amended Complaint, which remains his operative pleading. ECF

---

[1] On November 21, 2023, McGurl notified the Court that he had been transferred to the State
Correctional Institution at Huntingdon. (ECF No. 18).

No. 27. McGurl has filed a response in opposition to the DOC Defendants' motion. ECF No.

36. The matter is now ready for disposition.[2]

## II.     Standards

### A.     Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests the legal

sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In

deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual

allegations in the complaint and views them in a light most favorable to the plaintiff.  *See U.S.*

*Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  The "court[ ] generally

consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of

public record, and documents that form the basis of a claim" when considering the motion to

dismiss.  *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the

plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual

allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-36 (3d ed. 2004)).  *See also Iqbal*, 556 U.S. 662.  A complaint should

only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to

---

[2] This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.  *See* ECF Nos. 3 and 35.  The case was originally assigned to Magistrate Judge Cynthia Reed Eddy. Following the retirement of Judge Eddy, the case was reassigned to the undersigned.

relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule

12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

　　While a complaint does not need detailed factual allegations to survive a motion to

dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A

"formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a

plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub.*

*Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal

conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of*

*York Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Court of Appeals for the Third Circuit has

articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must
> plead to state a claim.' Second, the court should identify
> allegations that, 'because they are no more than conclusions, are
> not entitled to the assumption of truth.' Finally,' where there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v.*

*Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679.

B.      **Pro Se Litigants**

For purposes of a motion to dismiss, a court must employ less stringent standards in considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Finally, the United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a District Court is dismissing a claim under Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

III.    **Discussion**

A.      **Factual Background**

The following factual allegations are accepted as true for purposes of the instant motion to dismiss. On October 11, 2022, McGurl was placed in the same cell as inmate McFadden. Defendants Ohler and Costello both knew that inmate McFadden had made threats to McGurl prior to him being placed in the same cell with McFadden.  Soon after being placed in the same cell with inmate McFadden, McGurl was violently assaulted by McFadden.

4

B.      **Legal Claims**

Although McGurl's Amended Complaint does not invoke a specific constitutional

provision, the Court construes his allegations as raising claims against all Defendants for the

alleged violation of Plaintiff's rights arising under the Eighth Amendment to the United States

Constitution.  Specifically, the facts alleged in the Amended Complaint raise an Eighth

Amendment failure to protect claim.

IV.    **Analysis**

Defendants argue that the Amended Complaint should be dismissed because (1) it does

not plead facts to support the personal involvement of any of the Defendants, and (2) it fails to

state a failure to protect claim. The Court will address these arguments in turn.

**A. The Amended Complaint Fails to Sufficiently Identify the Personal Involvement
of Defendants Walker, Little, and Cercone, But Sufficiently Identifies the Personal
Involvement of Defendants Ohler and Costello.**

To prevail on a claim pursuant to 42 U.S.C. § 1983, a plaintiff "must show that *each and*

*every* defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, Civ.

No. 1:04-cv-1990, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (emphasis added) (quoting

*Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)) (emphasis added). This means that each

defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556

U.S. at 677 ("In a § 1983 suit . . . [a]bsent vicarious liability, each Government official, his or her

title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 F.

App'x 297, 300 (3d Cir. 2009). Allegations that broadly implicate multiple defendants without

delineating individual conduct are legally insufficient. *See Van Tassel v. Piccione*, 608 F. App'x

66, 69-70 (3d Cir. 2015).  Absent specific allegations that a defendant helped deprive the

plaintiff of a constitutional right, dismissal of the claim is appropriate. *See e.g., Mearin v. Swartz*,

951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Here, the Amended Complaint, contains no references to DOC Secretary George Little and the only reference to Defendants Cercone and Superintendent Walker is found in one sentence:  "Lt. Cercone & Superintendent Walker were made aware that inmate McFadden assaulted McGurl and still no action was taken until the prison society got involved."  Am. Compl. at p. 2.  This lone statement is insufficient to support the personal involvement of Defendants Cercone and Walker in the alleged deprivation of McGurl's Eighth Amendment rights.  The allegations of the Amended Complaint fail to show that these Defendants had any knowledge of inmate McFadden's previous threats against McGurl or that these Defendants had any involvement in the placement of McFadden and McGurl in the same cell.

To the extent that McGurl is attempting to include Defendants whose sole relation to the allegations is participation in the grievance process, *see* Pl's response (ECF No. 36), it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin*, 951 F. Supp. 2d at 782. *See also Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). As such, courts have consistently dismissed civil rights claims against prison officials whose only involvement in the alleged violation was their participation in the grievance process. *See, e.g., Rogers v. United States*, 696 F. Supp. 2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's

grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

Thus, the allegations in the Amended Complaint fail to support the necessary involvement of Defendants Walker, Little, and Cercone. Additionally, McGurl's insufficient allegations of personal involvement of Defendants Walker, Little, and Cercone negate his ability to establish deliberate indifference on the part of these three Defendants. Absent allegations showing a defendant's personal involvement, a plaintiff cannot plausibly allege that he or she knew or was a part of the conditions that caused the alleged constitutional violation and, therefore, cannot succeed on a Section 1983 claim.[3]

However, this is not the case with Defendants Ohler and Costello. As discussed below, the allegations in the Amended Complaint are that Defendants Ohler and Costello knew that inmate McFadden had threatened McGurl, and despite this knowledge, placed inmate McFadden and McGurl together in the same cell. These allegations are more than sufficient to establish the necessary involvement of Defendants Ohler and Costello.

---

[3] Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments given the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court should also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Here, Defendants raised this same argument regarding personal involvement in their motion to dismiss the original complaint. McGurl was given leave to amend his original complaint and was advised of the deficiencies therein. Thus, the Court will deny McGurl leave to amend as he has been provided ample opportunity to correct the deficiencies and has failed to do so.

**B.  The Amended Complaint States a Plausible Eighth Amendment Failure to Protect Claim Against Defendants Ohler and Costello.**[4]

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). This duty includes "protect[ing] prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Although, "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety," "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981)).

To establish a failure to protect claim, a prisoner must allege facts to support three findings. *See, e.g., Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  First, the facts alleged must support a plausible inference that the inmate was incarcerated under conditions posing a substantial risk of serious harm. *See id*.  Second, the "inmate must show that the official 'knows and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Hill v. Patrick*, Civ. Act. No. 05-445J, 2008 WL 1752692, at \*2 (W.D. Pa. 2008) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir.

---

[4] One of Defendants' arguments in support of dismissal of this claim is that the Amended Complaint does not refer to any injuries sustained by McGurl as a result of the assault. However, the Court notes that the original complaint states that McGurl sustained "broken ribs left side & a huge lump on the left side of my head." ECF No. 6. Given McGurl's status as a pro se litigant, the Court will recognize that McGurl has alleged injuries in support of his claim.

2001)). Third, the inmate's allegations must support a finding that the prison official's deliberate indifference caused the inmate to suffer harm. *See Bistrian*, 696 F.3d at 367.

In this case, McGurl's Amended Complaint alleges enough to support a plausible failure to protect claim against Defendants Ohler and Costello. For example, McGurl contends that Defendants Ohler and Costello knew that inmate McFadden had been making threats to McGurl prior to their placing him in the same cell with McFadden. Also, according to the Amended Complaint, "both officers stated to McFadden don't do anything until we leave." Am. Complaint, at p. 1. The Defendants do not dispute that McGurl was the victim of a violent assault by inmate McFadden.

Thus, Defendants' motion to dismiss the failure to protect claim against Defendants Ohler and Costello will be denied. Discovery may well reveal facts that belie an inference that Defendants Ohler and Costello acted with deliberate indifference, but at this stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in McGurl's favor. The failure to protect claim against Defendants Ohler and Costello survives the Defendants' motion to dismiss and shall proceed to the next stage of litigation.

### C. The Amended Complaint Fails to State a Plausible Verbal Sexual Harassment Claim against Defendant Costello

In the Amended Complaint, McGurl states that "C/O Costello made a sexual comment to McGurl after being taken out of the cell. A PREA [complaint] was filed and inmate was doing counseling." Am. Complaint, at p. 2. To the extent McGurl is alleging that he was subjected to sexual harassment by Defendant Costello, the Court will *sua sponte* dismiss this claim under 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A for failure to state a claim. "Verbal taunting and comments alone, even of a sexual nature, do not rise to the level of a constitutional violation."

*Figaro v. Freeman*, No. 23-cv-2847, 2023 WL 5003577, *2 (E.D.Pa. Aug. 4, 2023) (citing

*Gibson v. Flemming*, 837 F. App'x 860, 863 (3d Cir. 2020) (per curium) (plaintiff's allegations

"that an officer winked at him and 'flicked his tongue' at [him]" did not state a constitutional

violation)). McGurl's claim is based on one incident during which Costello made a derogatory

remark to him of a sexual nature; such behavior, while it may be inappropriate, does not rise to

the level of a constitutional violation. *See, e.g., Williams v. Wetzel*, 776 F. App'x 49, 53 (3d Cir.

2019) (per curiam) (affirming dismissal of Eighth Amendment sexual conduct claim because the

allegations did not involve any sexual contact between the prisoner and the corrections officer).

The dismissal will be with prejudice because the Court concludes that amendment would be

futile.

## V.   Conclusion

For the foregoing reasons, the Court will GRANT in part and DENY in part the

Defendants' Motion to Dismiss the Amended Complaint (ECF No. 30).  The following claims

will be dismissed with prejudice: (1) all claims against Defendants Walker, Little, and Cercone

based on lack of personal involvement; and (2) any claim against Defendant Costello based on

verbal sexual harassment.

The motion will be DENIED as to Plaintiff's failure to protect claims against Defendants

Costello and Ohler.

DATED this 16th day of May, 2024.


BY THE COURT:


RICHARD A. LANZILLO
Chief United States Magistrate Judge

10

cc:    HAROLD J. MCGURL, JR.
        NU3310
        SCI HUNTINGDON
        1100 Pike Street
        Huntingdon, PA 16652
        (via U.S. First Class Mail)

        Dalia Aboraya
        Office of the Attorney General
        (via ECF electronic notification)